

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

February 5, 1990

Honorable James M. Kuboviak
Brazos County Attorney
Brazos County Courthouse
Bryan, Texas   77803

Opinion No. JM-1140

Re:   Whether newly imposed
limitations on a district
judge's salary affect his
compensation for service on
a county juvenile board
(RQ-1818)

Dear Mr. Kuboviak:

You ask whether limitations placed on a district judge's salary by the 71st Legislature affect the judge's compensation for service on a county juvenile board.

Section 3(b) of article 6813b, V.T.C.S., as amended by House Bill 101, 71st Leg., ch. 1258, § 1, at 5073, effective September 1, 1989, provides for the salaries of district judges, as follows:

> Judges of the district courts of this State shall each be paid by the State an annual salary that is five percent less than the salary provided in the General Appropriations Act for a justice of a Court of Appeals. Unless otherwise provided by law, <u>the combined salary of each of the district judges from all State and county sources may not exceed the amount that is $2,000.00 less than the salary provided for a justice of the Supreme Court</u>. To the extent of any conflict, the salary differential provided for the combined salary of district judges provided by this subsection prevails over any differential set by Chapter 32, Government Code.  (Emphasis added.)

Section 152.0271 of the Human Resources Code (formerly sections 1, 2, 4, and 8a of article 5139EEEEE, V.T.C.S.), provides for the membership of the Brazos County Juvenile Board and compensation to be paid members of the board. Subsection (d) provides:

> The commissioners court shall pay the judges on the juvenile board an annual salary set by the commissioners court at not less than $600 nor more than $1,200. The commissioners court shall pay the public member of the board an annual salary set by the commissioners court at not more than $600. The salaries shall be paid in equal monthly installments from the general fund or any other fund of the county.

Section 152.0003 of the Human Resources Code (as well as section 4 of former article 5139EEEEE, V.T.C.S.), provides that the compensation to a judge serving on a juvenile board is in addition to all other compensation provided or allowed by law for a judge.

Section 152.0271(d) provides that the compensation paid a judge for service on the county juvenile board is to be paid out of the general fund or any other available fund of the county. The provision in House Bill 101 limiting a district judge's salary to an amount that is five percent less than the salary provided in the General Appropriations Act for a justice of the court of appeals imposes no restriction on the amount paid the district judge from county funds. However, House Bill 101 does limit the combined salary of a district judge from all state and county sources to a sum not to exceed the amount that is $2,000 less than the salary provided for a justice of the Supreme Court.

Attorney General Opinion H-123 (1973) concluded that the compensation paid the judges of Travis County for service on the county juvenile board came within the limitations imposed upon compensation collected for service as a judge. The opinion suggested to permit a judge to hold two offices, one on a juvenile board and the other as a judge, for each of which he would be compensated, would run afoul of sections 33 and 40 of article XVI of the Texas Constitution. Attorney General Opinion H-461 (1974) concluded that the $1,200 per annum paid the district judge in Winkler County was for service rendered as a judge and came within the limitations imposed upon compensation allowed for the judge.

You suggest that the words "unless otherwise provided by law" preceding the limitation imposed on a district judge's salary in House Bill 101 may evidence a legislative intent to exclude compensation the commissioners court pays a judge for service on the county juvenile board in determining the limitation. It is expressly provided that this subsection prevails over any differential set by chapter 32

of the Government Code. Section 32.021 of the Government Code provides that the Commissioners Court of Brazos County shall pay the district judges in Brazos County a specified amount as supplemental salary in addition to the salary paid by the state. While it may be urged that the limitation only prevails over any supplemental pay authorized by chapter 32, this position overlooks the fact that the limitation includes the combined salary from all state and county sources. While the pay authorized for service on the county juvenile board is not found in chapter 32, it is clearly a part of the combined salary paid the judge from county and state sources. Historically, the payment to judges for service on the juvenile board has been considered compensation for service rendered as a judge and has come within the limitations imposed upon compensation allowed a judge. We do not believe the words "unless otherwise provided by law" reflect an intent on the part of the legislature to exclude compensation paid a judge for service on a juvenile board from the limitations it has placed on a judge's combined salary from all state and county sources absent an express exemption to that effect.

### S U M M A R Y

The compensation paid a district judge by the Commissioners Court of Brazos County for service on the county juvenile board is a part of the judge's combined yearly salary from state and county sources and enters into the determination of the amount of salary the judge may receive.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General